E. Turgeon ⎱
    vs.     ⎰ W. C. A. No. 1280.
Joseph Gerard ⎰

March 11, 1932.

BAKER, J. Heard on petition of employer for modification of an agreement relating to payments to respondent under the Workmen's Compensation Act.

The facts show that the respondent was employed as a carpenter by the petitioner and, on the 22nd day of April, 1931, suffered an injury to his left eye which caused the total loss of vision in said eye. Compensation has been paid on the basis of total disability and the petitioner now contends that respondent is no longer totally disabled.

It is agreed that the respondent is entitled to payments at the rate of $10 per week for a period of 80 weeks for the loss of sight in his left eye, in accordance with the provisions of the Compensation Act, and the petitioner makes no objection to these payments.

The question raised relates to the amount of disability in respondent. whether it is total, partial, or whether he has recovered from any disability.

The respondent himself claims that he has difficulty with the sight of his right eye particularly in gauging distances, and that he also suffers somewhat from headaches and cannot read for any length of time.

An eye specialist gave evidence that the vision of the right eye was normal and that the respondent could now do some work. He did testify that being blind on one side would to some extent affect respondent's sense of perspective; that this situation would gradually improve and that the respondent would accustom himself to this condition, but that there would always be some difficulty. He also gave evidence that in his opinion the respondent could do ordinary rough carpenter work, provided he stayed on the ground and that he ought not to climb ladders or move about on stagings, as this might be dangerous.

An examination of all the testimony leads the Court to the conclusion that the respondent is neither totally disabled by his injury, nor has he entirely recovered therefrom, but that at the present time he is suffering from a partial disability.

The evidence shows that at the time the respondent was injured, he was being paid at the rate of 70 cents an hour. The petitioner has offered to take the respondent back as a carpenter and has assured him of several months' work, but expects to pay him at the rate of 60 cents an hour and has stated that he will not be called upon to work on stagings or climb ladders. The respondent has not accepted this offer and states that he feels that he cannot do carpenter work again. The Court thinks that he ought to make the attempt, to see what he can do.

It seems clear that any agreement, award, finding or decree may from time to time be reviewed by the Court upon the application of either party within two years from the date of the agreement or decree fixing compensation.

> Gen. Laws of R. I., 1923, Chap. 92, Art. III, Sec. 13;
> Lupoli vs. Atlantic Tubing Co., 43 R. I. 299.

If, therefore, it should develop that the respondent is unable to do carpenter work for the petitioner, after a fair trial for a reasonable length of time, then it would seem that the Court would have the power to make such further orders or decrees as the situation would warrant.

On the present state of facts, it would appear that the respondent could earn for a full week of 44 hours, at the rate of 60 cents an hour, $26.40. For a full week when he was earning 70 cents an hour, he would be paid $30.80. The difference between these two figures is $4.40 for a full normal week. One-half of this sum is $2.20. The Court is of the opinion that the respondent is entitled, by reason of partial disability, to $2.20 per week, being the difference between his former and his apparent present earning capacity, until further order of the Court or until conditions are changed.

It seems well settled that under our Act compensation is furnished only for loss of earning capacity and the burden of proof is on the person injured to show the loss and its amount with reasonable definiteness. This question was fully discussed in the case of Weber vs. American Silk Spinning Co., 38 R. I. 309, which in the judgment of the Court is decisive of this point in the case at bar.

In his answer and cross-petition, the respondent asks for commutation of payments. His claim is that he would like to take certain courses to fit himself for a position of architectural draftsman.

While the Court feels that the respondent's ambitions in this connection are very laudable, it believes that the law, as laid down in this State, will not permit commutation in this case. These matters have been carefully considered in the cases of Lupoli vs. Atl. Tubing Co., supra, and Bacon vs. United Electric Railways Co., 51 R. I. 84.

The prayer for commutation is denied.

For petitioner: Henshaw, Lindemuth & Baker, S. J. Siegle.

For respondents: Hogan & Hogan.